### Ed. Mulloy *vs.* Isaac Paul and others.

### October Term, 1874.

PLEA IN ANSWER—SUFFICIENCY—A plea embodied in an answer cannot be set.
for hearing on its sufficiency.

*Helms*, for complainant.
*East*, for defendants.

THE CHANCELLOR :—Bill by a judgment creditor, upon a.
return of *nulla bona*, to reach lands alleged to have been fraud-
ulently conveyed, in the form of deeds of gift, by the judg-
ment debtor to his children. The defendants have answered,.

relying, among other matters of defence, on the statute of limitations. The complainant, treating that portion of the answer as a plea, has set it for argument upon its sufficiency; to which course the defendants have offered no objection. It is obvious, however, that the court cannot be required to pass upon the sufficiency of a part of an answer. *McLin* v. *McNamara*, 1 Dev. & B. Eq. 407. The reason is that, no matter what might be the ruling of the court, the cause must be again heard upon the merits, when prepared for hearing on the residue of the answer. There would be two hearings of the same cause, instead of the one hearing of the settled course of the court. The defendant has the right to defend by answer, instead of limiting his defence to a single point by plea, and, if he does, the equity cannot be disposed of, or determined, until the case is brought regularly to a hearing.